**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED
FEB 09 2007
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

RECEIVED
MAR 0 9 2007
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

| | |
|---|---|
| HYON N. MORRISSETTE,<br><br>    Plaintiff - Appellant,<br><br>v.<br><br>A&W ALASKA, INC.; et al.,<br><br>    Defendants - Appellees. | No. 05-35479<br><br>D.C. No. CV-04-00017-A-RRB<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Argued and Submitted February 5, 2007
Seattle, Washington

Before: GRABER, PAEZ, and BEA, Circuit Judges.

Hyon Morrissette appeals the district court's order granting summary judgment in favor of A & W Alaska, Inc.; Mountain View Shell; Food Mart and A & W Restaurant; Lisa Suzuki; and Terry Suzuki (collectively "Defendants"). We

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

have jurisdiction under 28 U.S.C. § 1291. Because the parties are familiar with the facts, we do not recite them here.

A triable issue of material fact exists as to whether Morrissette is entitled to recover restitution under the quasi-contractual doctrine of unjust enrichment. *See Alaska Sales & Serv., Inc. v. Millet*, 735 P.2d 743, 746 (Alaska 1987). Morrissette submitted a sworn affidavit stating that she returned possession of the station to Suzuki only after Suzuki promised to buy the station. When Suzuki decided not to buy the station, he did not give possession of the station back to Morrissette, but instead surrendered the station to Shell in exchange for a release of his obligations to Shell. There is also evidence from which a reasonable trier of fact could conclude that the station had value at the time Suzuki surrendered it to Shell. Morrissette has raised a triable issue of material fact that were Suzuki allowed to retain the value of the station, he would receive "something for nothing." *Id.*, 735 P.2d at 746. Therefore, we vacate the district court's order granting summary judgment in favor of Defendants and remand for further proceedings.

We affirm the district court as to the fraud claim. Morrissette concedes she had neither the ability nor the desire to exercise her right of first refusal for the Dimond Shell. Therefore, Morrissette failed to raise a triable issue of fact that she sustained any loss caused by the claimed fraud. Loss is an element of a claim of

2

fraud under Alaska law. *Lightle v. State*, 146 P.3d 980, 983 (Alaska 2006). The district court properly granted summary judgment in favor of Defendants on this claim.

We also affirm the district court as to the breach of contract claim. A contract for any interest in real property must be in writing under Alaska's Statute of Frauds. Alaska Statutes § 09.25.010(a)(6). There was no writing sufficient to establish agreement governing the parties' conduct during the time Suzuki was managing the station, and therefore the district court correctly granted summary judgment in favor of Defendants on this claim.

The parties shall bear their own costs on appeal.

AFFIRMED in part, REVERSED in part, and REMANDED.

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST:

MAR 0 5 2007

by
Deputy Clerk