John Havelock
LAW OFFICES OF JOHN HAVELOCK
632 Christensen Drive, Suite 100
Anchorage, AK  99501
(907)276-1916
(907)258-9053 (fax)
jehavelock@yahoo.com
Attorney for Defendants

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HYON N. MORRISSETTE, )<br>)<br>    Plaintiff, )<br>vs. )<br>)<br>A&W ALASKA INC., )<br>MOUNTAIN VIEW SHELL, FOOD )<br>MART )<br>AND A&W RESTAURANT, )<br>LISA SUZUKI, and )<br>TERRY SUZUKI )<br>)<br>    Defendants. )  | **AO4-0017 CV (RRB)** On Remand<br><br>**MOTION TO RESTRICT SCOPE OF EVIDENCE TO THE CLAIM OF UNJUST ENRICHMENT DESCRIBED BY THE NINTH CIRCUIT COURT OF APPEALS** |

Defendants move that the Court shall order that:

The evidence in this case be restricted to those facts which related to the surviving claim of unjust enrichment and that no departures from evidence addressing unjust enrichment shall be tendered by the plaintiff without first disclosing to the court, out of the presence of the jury, the nature of the evidence sought to be obtained.

In particular, no evidence should be allowed on details of the original purchase and sale

transaction and the price paid in the first instance by Ms. Morrissette.

This motion is supported by a Memorandum and proposed Order filed

herewith.

Dated this 14th day of May, 2007.

      /**John Havelock**/
John E. Havelock
Alaska Bar # 6101006
Attorney for Defendants

CERTIFICATE OF SERVICE: I hereby certify that a copy of the foregoing MOTION TO RESTRICT SCOPE OF EVIDENCE TO THE CLAIM OF UNJUST ENRICHMENT DESCRIBED BY THE NINTH circuit COURT OF APPEALS was served electronically this 14th day of May, 2007 on the following:

RONALD OFFRET
raoffret@yahoo.com

By:    s/Janet Rader

MORRISSETTE V. A&W, ET AL.      Page 2     MOTION TO RESTRICT SCOPE OF
CASE NO. A04-0017 CV (RRB)                                                             EVIDENCE TO THE CLAIM OF UNJUST
                                                                                                ENRICHMENT DESCRIBED BY THE
                                                                                                NINTH CIRCUIT COURT OF APPEALS

John Havelock
LAW OFFICES OF JOHN HAVELOCK
632 Christensen Drive, Suite 100
Anchorage, AK  99501
(907)276-1916
(907)258-9053 (fax)
jehavelock@yahoo.com
Attorney for Defendants

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HYON N. MORRISSETTE,<br><br>                    Plaintiff,<br>vs.<br><br>A&W ALASKA INC.,<br>MOUNTAIN VIEW SHELL, FOOD MART<br>AND A&W RESTAURANT,<br>LISA SUZUKI, and<br>TERRY SUZUKI<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    **AO4-0017 CV (RRB)** On Remand<br><br>**PROPOSED ORDER ON MOTION TO RESTRICT SCOPE OF EVIDENCE TO THE CLAIM OF UNJUST ENRICHMENT DESCRIBED BY THE NINTH CIRCUIT COURT OF APPEALS** |

### ORDER ON MOTION TO RESTRICT SCOPE OF EVIDENCE TO THE CLAIM OF UNJUST ENRICHMENT DESCRIBED BY THE NINTH CIRCUIT COURT OF APPEALS

The court having considered the briefs and having heard the parties on the defendant's MOTION TO RESTRICT SCOPE OF EVIDENCE TO THE CLAIM OF UNJUST ENRICHMENT DESCRIBED BY THE NINTH circuit COURT OF APPEALS, it is ordered:

1. The jury will be advised by the plaintiff substantially as follows on the opening of her case:

> This case involves a gas station franchise that was owned by Ms. Morrissette. Ms. Morrissette had purchased the franchise from Mr. Suzuki the previous year. After the franchise was purchased, it was beset with financial difficulties not caused by Mr. Suzuki. Ms. Morrissette asked Mr. Suzuki to take possession of the station and try to bring it back into successful operation. Ms. Morrissette made the request because she had no experience in running a station and Mr. Suzuki did. The parties also had one or more discussions in which the possibility that he might buy the station came up which was possibly an additional her motivation for bringing him back into possession. After trying to operate it but achieving no success, Mr. Suzuki surrendered the station franchise to Shell. The plaintiff Morrissette believes that Mr. Suzuki received some benefit from Shell in that he was released from his franchise obligations to Shell which had arisen previously when he owned the franchise. She believes that it is unjust that Mr. Suzuki should be allowed to keep the value of the benefit which he should give to her.

2. No departures from evidence addressing this set of facts shall be tendered by the plaintiff without first disclosing to the court, out of the presence of the jury, the nature of the evidence sought to be obtained.

3. In particular, no evidence should be allowed on the purchase price paid by Ms. Morrissette for the franchise in the first place.

4. With respect to the law, the jury will be advised by the court that there was no contract between Ms. Morrissette and Mr. Suzuki either that he purchase the station or setting out any terms on which he operated the station. The jury will be advised that the sole question for their consideration is whether, in returning the station to Shell, Mr. Suzuki received a benefit - that he got "something for nothing" that rightfully belonged to Ms. Morrissette. If the jury finds that Mr. Suzuki did receive a value, then

the jury should determine what the value of the franchise was at the time of its surrender and whether it is just under the circumstances that he keep that value.

Dated this _____ day of _____, 2007.

_____
Ralph R. Beistline
Judge of the US District Court