John Havelock
LAW OFFICES OF JOHN HAVELOCK
632 Christensen Drive, Suite 100
Anchorage, AK  99501
(907)276-1916
(907)258-9053 (fax)
jehavelock@yahoo.com
Attorney for Defendants

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| HYON N. MORRISSETTE,                    )<br>                                                               )<br>           Plaintiff,                              )<br>vs.                                                        )<br>                                                               )<br>A&W ALASKA INC.,                              )<br>MOUNTAIN VIEW SHELL, FOOD    )<br>MART                                                  )<br>AND A&W RESTAURANT,                   )<br>LISA SUZUKI, and                                )<br>TERRY SUZUKI                                    )<br>                                                               )<br>           Defendants.                          )  | **AO4-0017 CV (RRB)** On Remand<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO RESTRICT SCOPE OF EVIDENCE TO THE CLAIM OF UNJUST ENRICHMENT DESCRIBED BY THE NINTH CIRCUIT COURT OF APPEALS** |

In its decision, the Ninth Circuit closed the door on all of the plaintiff's claims save only a single issue out of the many decided on summary judgment in Mr. Suzuki's favor.  The only issue on remand is whether Morrissette is entitled to recover restitution under the quasi-contractual doctrine of unjust enrichment. This motion is brought to prevent the plaintiff from sliding her whole case under the door that the Ninth Circuit has closed.

In its decision, the court explained its ruling as follows:

MORRISSETTE V. A&W, ET AL.
CASE NO. A04-0017 CV (RRB)                    Page 1                    MEMORANDUM IN SUPPORT OF
                                                                                                MOTION TO RESTRICT SCOPE OF
                                                                                                EVIDENCE TO THE CLAIM OF UNJUST
                                                                                                ENRICHMENT DESCRIBED BY THE
                                                                                                NINTH CIRCUIT COURT OF APPEALS

> Morrissette submitted a sworn affidavit stating that she returned possession of the station to Suzuki only after Suzuki promised to buy the station. When Suzuki decided not to buy the station, he did not give possession of the station back to Morrissette, but instead surrendered the station to Shell in exchange for a release of his obligations to Shell. There is also evidence from which a reasonable trier of fact could conclude that the station had value at the time Suzuki surrendered it to Shell. Morrissette has raised a triable issue of material fact that were Suzuki allowed to retain the value of the station, he would receive "something for nothing."

As this case is governed by Alaska State law, the court then cited *Alaska Sales & Serv., Inc. v Millet* 735 P.2d 743, 746 (Alaska 1987).

From this explanation, one can only conclude that the case on remand relates to a very narrow question of fact: Was Mr. Suzuki enriched when he returned the station to Shell and, if so, was that unjust under the circumstances because the return value really belonged to Ms. Morrissette?

Defendant is concerned that the jury not be confused by extraneous matter, particularly issues already decided.

Most of the factual background can be taken care of with a stipulation to some agreed facts.

1. It is not contested that:

A. This case involves a gas station franchise that was owned by Ms. Morrissette, that she had purchased from Mr. Suzuki and that was beset with financial difficulties not caused by Mr. Suzuki. (No evidence should be allowed on the purchase price because the existence of any contract claim was determined against Ms. Morrissette.)

B.  Mr. Suzuki took possession of the station with Ms. Morrissette's consent because she had no experience in running a station and he did.

C.  Mr. Suzuki and Ms. Morrissette had one or more discussions in which the possibility that he might buy the station came up which was possibly an additional her motivation for bringing him back into possession. (The appellate court refers to Ms. Morrissette's affidavit.)

D.  Mr. Suzuki surrendered the station to Shell and may have received some benefit in that he was released from his obligations to Shell.

2.  With respect to the law, the jury may be advised that there was no contract between Ms. Morrissette and Mr. Suzuki either that he purchase the station or setting out any terms on which he operated the station. The jury should be advised that the sole question for their consideration is whether, in returning the station to Shell, Mr. Suzuki received a benefit - that he got "something for nothing" that rightfully belonged to Ms. Morrissette. If the jury finds that Mr. Suzuki did receive a value, then the jury should determine what the value of the franchise was at the time of its surrender.

3.  If it had a value, the jury should then consider whether it was unjust, under the circumstances of the surrender of the franchise, for Mr. Suzuki to receive that value.

Accordingly, what the plaintiff must prove to make her case (and is restricted to proving) consists of (1) the value to Mr. Suzuki of his bargain with Shell at the time he surrendered the franchise, which the appeals court seems to say was the value of the station franchise at the time of its surrender; and (2) whether it was unjust for Mr. Suzuki to receive this benefit rather than Ms. Morrissette.

In general the evidence, beyond that suggested as a stipulation, should be the course of dealings between the parties from the time Mr. Suzuki first determined that he was going to surrender the station and the time he actually did surrender the station and the value of the franchise at that time.

Of particular concern to Mr. Suzuki at this time is the possibility that Ms. Morrissette may try to show that the value of the station was the value at the time Mr. Suzuki sold the station to her, and thus confuse the jury into thinking that the unjust enrichment somehow relates to Ms. Morrissette's wish that she should have all her money back because Mr. Suzuki treated her unjustly. That part of the case has already been decided against her.

Dated this 14th day of May, 2007.

    s/John Havelock
LAW OFFICES OF JOHN HAVELOCK
632 Christensen Drive, Suite 100
Anchorage, AK  99501
(907)276-1916
(907)258-9053 (fax)
jehavelock@yahoo.com
Alaska Bar # 6101006
Attorney for Defendants

CERTIFICATE OF SERVICE: I hereby certify that a copy of the foregoing MEMORANDUM IN SUPPORT OF MOTION TO RESTRICT SCOPE OF EVIDENCE TO THE CLAIM OF UNJUST ENRICHMENT DESCRIBED BY THE NINTH circuit COURT OF APPEALS was served electronically this 14th day of May, 2007 on the following:

RONALD OFFRET
raoffret@yahoo.com

By:   s/Janet Rader