John Havelock
LAW OFFICES OF JOHN HAVELOCK
632 Christensen Drive, Suite 100
Anchorage, AK  99501
(907)276-1916
(907)258-9053 (fax)
jehavelock@yahoo.com
Attorney for Defendants

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HYON N. MORRISSETTE,                )<br>                                                            )<br>               Plaintiff,                        )<br>vs.                                                     )<br>                                                            )<br>A&W ALASKA INC.,                          )<br>MOUNTAIN VIEW SHELL, FOOD  )<br>MART                                               )<br>AND A&W RESTAURANT,              )<br>LISA SUZUKI, and                           )<br>TERRY SUZUKI                                )<br>               Defendants.                   )<br>_____)  | AO4-0017 CV (RRB) On Remand<br><br>**DEFENDANTS' TRIAL BRIEF** |

       1A.  <u>The parties</u>.  The party plaintiff is Hyon N. Morrisssette.  The parties defendant are: A&W ALASKA INC., MOUNTAIN VIEW SHELL, FOOD MART, AND A&W RESTAURANT, LISA SUZUKI, and TERRY SUZUKI.  The multiplicity of parties is not an issue in this case.  Mr. Terry Suzuki is the principal.  His wife is a party to his business transactions largely for estate planning purposes. Any judgment would be paid by Mr. Suzuki.

       1B.  <u>Theories of Recovery and Defense</u>.  The plaintiff's sole claim is Unjust Enrichment.  The sole question of fact per the Ninth Circuit Court of Appeals is

"Did the station have a value at the time Mr. Suzuki returned it to Shell?" If so, what was that value? There is also a mixed question of law and fact: if there was a value, was Mr. Suzuki unjustly enriched by the receipt of that benefit?

Against this Mr. Suzuki has denied any profit and has raised the affirmative defenses that (1) an accord and satisfaction was reached; (2) plaintiff waived any right to make a claim against defendants by failing and refusing to apply for a franchise from Shell; and (3) inherent in a claim at equity for unjust enrichment is the response that if there was a value, Mr. Suzuki was entitled to whatever value was produced as a matter of *Quantum Meruit*.

2. <u>Pleadings and Pretrial Rulings</u>. The ruling that guides the court's consideration on remand is the Memorandum Decision of the Court of Appeals.

The defendants moved a MOTION FOR MANAGEMENT OF KNOWN EVIDENTIARY MATTERS THAT MAY BE PROBLEMATIC of January 31, 2005, which motion was fully briefed but not ruled on by the court. On remand, this motion is still before the court and requires disposition before trial.

3. <u>Designation of claims and parties remaining</u>. The sole claim remaining is the quasi-contract claim for restitution grounded on unjust enrichment.

4A <u>Anticipated evidence on liability and damages</u>. With respect to liability, the defendants intend to show that (1) Mr. Suzuki did what any reasonable person would do to salvage the station; (2) he offered it back to Ms. Morrissette if she would pay the bills; (3) Ms. Morrissette waived her claim by her inaction, and (4) in any

case engaged in a tacit settlement by which Mr. Suzuki could return the station to Shell with no liability to her or Mr. Suzuki.

       4B.  <u>Relief Requested</u>.  Relief requested by defendant is that he be awarded costs and attorney's fees.

       5.  <u>Citations to controlling statutes and cases</u>. *Alaska Sales and Service v Millett*, 735 P.2d 743, 746 (Alaska 1987); *Soules v Ramstack,* 95 P. 3d 933 (Alaska 2004).

       6.  <u>What is most likely to be at issue</u>.  (a) The value of the station when surrendered. (b) If the station had value, whether Mr. Suzuki was enriched by surrendering it back to Shell.

       7.  <u>Evidentiary questions</u>.  Defendant believes that the relevance of various exhibits to be presented by the plaintiff to the issue of the value of the station and the just or unjust nature of the defendant's alleged enrichment are likely to be contentious.

       Dated this 21st day of May, 2007.

       **s/John Havelock**
       LAW OFFICES OF JOHN HAVELOCK
       632 Christensen Drive, Suite 100
       Anchorage, AK  99501
       (907)276-1916
       (907)258-9053 (fax)
       jehavelock@yahoo.com
       Alaska Bar # 6101006
       Attorney for Defendants

CERTIFICATE OF SERVICE:  I hereby certify that a copy of the foregoing DEFENDANTS' TRIAL BRIEF was served electronically this 21st day of May, 2007 on the following:
       RONALD OFFRET (raoffret@yahoo.com)

By:    s/John Havelock