Ronald A. Offret, AK Bar # 7410096
Aglietti, Offret & Woofter
733 W 4th Avenue, Suite 206
Anchorage, AK 99501
Telephone:   (907) 279-8657
Facsimile:   (907) 279-5534

## UNITED STATES DISTRICT COURT DISTRICT OF ALASKA

| | |
|---|---|
| HYON N. MORRISSETTE,<br>　　　　Plaintiff,<br><br>vs.<br>A&W ALASKA INC.;<br>MTN. VIEW SHELL, FOOD MART<br>And A&W RESTAURANT;<br>LISA SUZUKI,<br>TERRY SUZUKI,<br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3: 04-cv-0017 (RRB)<br>) |

## OBJECTION TO MOTION TO RESTRICT EVIDENCE

Defendants have filed a motion to only allow evidence Defendants wish the jury to hear (Doc., 114).

However, there is a lot of relevant evidence the jury needs to hear in order to make an informed decision. Jurors are smart. They can use the evidence they receive in the manner directed by this Court.

The 9th Circuit Court of Appeals said there is a triable issue of fact as to the value of the Shell service station returned to Shell that unjustly enriched the Defendants.

Plaintiff's trial brief pointed out many relevant facts which will help the jury determine the value of the service station on December 15, 2003, when Defendants returned it to Shell.

*Alaska Sales & Service v. Millett,* 735 P.2d 743 (Alaska 1987) at 746 gives the general rule on unjust enrichment, cites 66 *Am Jur 2d,* Restitution and Applied Contracts, §3, and states;

Objection to Motion to Restrict Evidence
Morrissette v. A&W Alaska Inc., et al
3:04-cv-0017 RRB
Page 1 of 5

> A person who has been unjustly enriched at the expense of another is required to make restitution to that person. A person is enriched if he receives a benefit; a person is unjustly enriched if the retention of the benefit without paying for it would be unjust.

Relevant evidence is admissible to prove unjust enrichment to the Defendants.

Rule 402, <u>Relevant Evidence</u>, states;

All relevant evidence is admissible...

Rule 401 defines relevant evidence as;

> Relevant evidence means evidence having any tendency to make the instance of any fact that is of consequence to the determination of the action, more probable or less probable than it would be without the evidence.

The only time relevant evidence is excluded is when it is prejudice, is confusing or it's a waste of time to present it. *See Evidence Rule 403.*

Relevant evidence is also admissible to show the unjust enrichment of Defendants at the expense of Plaintiff.

The facts that have a tendency to show unjust enrichment are in Plaintiff's Trial Brief. Some of the more important facts are:

1. On April 1, 2002, Defendants entered into a 36-month lease with Shell Oil Products US for the Shell gas station and A&W Food Mart located at 3635 Mountainview Drive, Anchorage Alaska.

2. On November 11, 2002, Plaintiff bought the business from the Defendants and assumed the obligation to pay the 29 months of remaining lease payments. On April 11, 2002, the payments were $12,696.00 per month. As of December 15, 2003, with contractual increases, the monthly lease obligation was $14,563.00.

3. On November 11, 2002, Plaintiff paid $241,760.54 for the station in addition to assuming the 29 remaining lease payments equal to a value of $368,184.00.

4. Plaintiff's husband, Rocky Kim, managed the station from November 11, 2002 until August 1, 2003. He did not do a very good job.

Objection to Motion to Restrict Evidence
Morrissette v. A&W Alaska Inc., et al
3:04-cv-0017 RRB
Page 2 of 5

5. Plaintiff Hyon Morrissette and her husband Rocky became engulfed in a difficult divorce with Rocky having possession of the station.

6. One of the Defendants, Terry Suzuki, called Plaintiff Morrissette and complained about the bills not being paid. He suggested if she would get the station back in her possession he would buy it back from her for $150,000.00.

7. Relying upon the statement that Defendants would buy the station back for $150,000.00, Plaintiff went to the judge handling the divorce matter and got possession of the station.

8. The station was turned over to Defendants on August 5, 2003. They were given the keys and $10,000.00 of additional money to pay the bills. They also took control of an EFT account that held the credit card receipts for the prior months gas and goods. They also took the $10,566.68 in the Wells Fargo bank account.

9. Defendants had expressed concern about their continuing obligation on the monthly lease payments and since the Shell lease had not been transferred into Plaintiff's name it would be easy to complete the sale back to Defendants.

10. As of August 2, 2003, the Defendants, through Terry Suzuki, changed their mind and did not want to repurchase the station. They wanted to complete the original agreement and transfer the station to Plaintiff. At the same time Suzuki told Plaintiff he wanted more money to pay the bills.

11. Plaintiff Morrissette, relying upon the changed position of Defendants, to go through with the transfer, contacted Shell to get the application forms to do so.

12. On September 8, 2003, Plaintiff Morrissette took her nephew David Choi, a college graduate from California, to the station to take over management of the station. When Plaintiff and her nephew got to the station they were denied access and were told if they did not leave, the police would be called because they were trespassing.

13. By October 28, 2003, Defendants, through Terry Suzuki, had again changed his mind and told his attorney to prepare a purchase agreement. On November 5, Suzuki forwarded a copy of this purchase agreement to Plaintiff wherein Defendants agree to buy the station for $125,000.00.

Objection to Motion to Restrict Evidence
Morrissette v. A&W Alaska Inc., et al
3:04-cv-0017 RRB
Page 3 of 5

14. As of December 3, 2003, Defendants, through Terry Suzuki, again changed their mind and said the "sale is dead".

15. Defendants, through Terry Suzuki then concocted a plan to get the lease payments to Shell reduced from its contract price of $12,696.00 per month to $8,000.00 per month.

16. The December 15, 2003 lease payment of $14,596.00 was due but Defendants said there is no money to pay it. Defendants, through Terry Suzuki, want Morrissette to advance the money but she is unwilling to do unless Defendants sign the purchase agreement. Defendants will not.

17. Defendants, faced with a 15-month lease obligation to Shell, in an amount between $12,696.00 and $14,596.00 per month, turned the station back to Shell for a release of that obligation.

The value of the station is for the jury to decide. All of the above facts help give guidance to the jury as to that value.

The Defendants unjustly benefited from surrender of an asset that belonged to Plaintiff; i.e. the Mountain View Shell gas station and food mart.

The extinguishment of 15 months lease obligations in the amount of $14,596.00 per month has unjustly enriched the Defendants by the amount of $218,940.00.

The Defendants were further unjustly enriched at the expense of Plaintiff by failure to return the $241,760.00 purchase price which included a security deposit of $14,563.00.

Defendants were also unjustly enriched at the expense of Plaintiff by taking the inventory from the Mountainview Shell station and disbursing it among the other three Shell stations and food marts owned by Defendants.

Defendants were further unjustly enriched at the expense of Plaintiff by failure to turn over the money in the bank account.

The Defendants were further unjustly enriched at the expense of Plaintiff by failure to turn over the money in the EFT account.

Objection to Motion to Restrict Evidence
Morrissette v. A&W Alaska Inc., et al
3:04-cv-0017 RRB
Page 4 of 5

From the above facts, the jury can make an informed decision as to amount the Defendants were unjustly enriched at the expense of the Plaintiff. The evidence to be presented to the jury is relevant on this point.

It is this counsel's experience that jurors can take these facts and answer any questions put to them and follow the law as given to them by this Court in jury instructions.

Jurors are intelligent. They can discern the truth. There is no need to unduly restrict the evidence. That would only confuse the jurors.

Defendants request to limit/restrict the evidence is not rational nor well intended. The motion should be denied.

DATED this 23 day of May 2007 at Anchorage, Alaska.

AGLIETTI, OFFRET & WOOFTER
Attorneys for Plaintiff

_____
Ronald A. Offret, Alaska Bar # 7410096

A copy of the above was served on
John Havelock by the ECF system on
the above date.

_____
Ronald A. Offret

Objection to Motion to Restrict Evidence
Morrissette v. A&W Alaska Inc., et al
3:04-cv-0017 RRB
Page 5 of 5