John Havelock
LAW OFFICES OF JOHN HAVELOCK
632 Christensen Drive, Suite 100
Anchorage, AK  99501
(907)276-1916
(907)258-9053 (fax)
jehavelock@yahoo.com
Attorney for Defendants

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HYON N. MORRISSETTE,    )<br>                                                    )<br>            Plaintiff,            )<br>vs.                                            )<br>                                                    )<br>A&W ALASKA INC., et al.        )<br>                                                    )<br>            Defendants.        )<br>_____   )) | AO4-0017 CV (RRB) On Remand<br><br>**DEFENDANT'S PROPOSED JURY INSTRUCTIONS** |

Defendant's proposed jury instructions (1-8) follow this page.

Dated this 6th day of June, 2007.

                                              s/John Havelock
                                            LAW OFFICES OF JOHN HAVELOCK
                                            632 Christensen Drive, Suite 100
                                            Anchorage, AK  99501
                                            (907)276-1916
                                            (907)258-9053 (fax)
                                            jehavelock@yahoo.com
                                            Alaska Bar # 6101006
                                            Attorney for Defendants

CERTIFICATE OF SERVICE:  I hereby certify that a copy of the foregoing DEFENDANT'S PROPOSED JURY INSTRUCTIONS was served electronically this 6th day of June, 2007 on the following:

RONALD OFFRET
raoffret@yahoo.com

By:     s/John Havelock

DEFENDANT'S INSTRUCTION 1:

A person who has been unjustly enriched at the expense of another is required to make restitution to that person. A person is enriched if he receives a benefit; a person is unjustly enriched if the retention of the benefit without paying for it would be unjust.

*Alaska Sales and Service v Millett*, 735 P2d 743, 746 (Alaska 1987)

Case 3:04-cv-00017-RRB     Document 131     Filed 06/06/2007     Page 2 of 9

MORRISSETTE V. A&W, et al.                    Page 2 OF 9              DEFENDANT'S PROPOSED JURY
CASE NO. A04-0017 CV (RRB)                                                          INSTRUCTIONS

DEFENDANT'S INSTRUCTION 2:

The obligation to make restitution is not based upon any agreement between the parties, objective or subjective.

*Alaska Sales and Service v Millett*, 735 P2d 743, 746 (Alaska 1987)

DEFENDANT'S INSTRUCTION 3:

The plaintiff must prove three elements to recover: 1) a benefit conferred upon the defendant by the plaintiff; 2) appreciation by the defendant of such benefit; and 3) acceptance and retention by the defendant of such benefit under such circumstances that it would be inequitable for him to retain it without paying the value of it.

*Alaska Sales and Service v Millett*, 735 P2d 743, 746 (Alaska 1987)

DEFENDANT'S INSTRUCTION 4:

The enrichment to the defendant must be unjust; that is, the defendant must receive a true windfall or 'something for nothing'"

*Alaska Sales and Service v Millett*, 735 P2d 743, 746 (Alaska 1987)

DEFENDANT'S INSTRUCTION 5:

A party cannot be enriched at the expense of another for the receipt of that to which the party is legally entitled.

*Alaska Sales and Service v Millett*, 735 P2d 743, 747 (Alaska 1987)

DEFENDANT'S INSTRUCTION 6:

The defendant Mr. Suzuki has admitted that nine years ago he was convicted of bank fraud. I will advise you that you may consider this fact in determining only the credibility of Mr. Suzuki as a witness. You may not consider it independently in determining Mr. Suzuki's liability, his propensity to do wrong or the probability of the existence of any fact not a part of Mr. Suzuki's testimony.

Fed. R. Evid 609(a)(1) and 403

DEFENDANT'S INSTRUCTION 7:

    A.    There is no evidence that Mr. Suzuki defrauded Ms. Morrissette.[1]

    B.    There is no claim for breach of a contract in this case.[2]

    C.    There no evidence that Mr. Suzuki wrongfully prevented Ms. Morrissette from resuming control of her business after the buyback negotiations failed.[3]

[1] Order Re Summary Judgment p 7: "Second, the court concludes that there is no evidence of fraud on Defendants' behalf with regard to notifying Plaintiff… of the need for Shell to approve the sale of the business…"

[2] Ibid. p 9 "…although the parties both discussed a buyback of the business, they were unable to reach an agreement….the Statute of Frauds… requires that a contract of this nature be in writing." And Ibid p 10: "Plaintiff appears to have abandoned the business as well as the initial contract between the parties.  She cannot now claim that Defendants' breached the contract."

[3] Ibid p. 10. "Plaintiff further contends Suzuki wrongfully prevented her form resuming control of the business after the buyback negotiations failed.  Here again, there is a lack of writing and no 'meeting of the minds' with regard to what the parties' intentions were during this time frame…."

DEFENDANT'S INSTRUCTION 8:

The plaintiff's only claim in this case is that Mr. Suzuki was unjustly enriched as a result of the forgiveness that Shell gave to him at the time he surrendered the franchise. To find for the plaintiff Morrissette, you must first find that Mr. Suzuki was enriched. If you find that he was not enriched, then you find for Mr. Suzuki.

If you find that Mr. Suzuki was enriched, then you must determine whether, under all the circumstances, this enrichment was unjust, so that he got "something for nothing." If you find that Mr. Suzuki was not unjustly enriched then you find for the defendant Suzuki. If you find that Mr. Suzuki was unjustly enriched, you determine the amount he was unjustly enriched and find in that amount for the plaintiff Morrissette.

This instruction is taken from the Ninth Circuit Court Memorandum Opinion in Morrissette v A&W.