Ronald A. Offret, AK Bar # 7410096
Aglietti, Offret & Woofter
733 W 4th Avenue, Suite 206
Anchorage, AK 99501
Telephone:   (907) 279-8657
Facsimile:    (907) 279-5534

### UNITED STATES DISTRICT COURT DISTRICT OF ALASKA

| | |
|---|---|
| HYON N. MORRISSETTE,<br>Plaintiff, | )<br>)<br>) **PLAINTIFF'S REPLY TO** |
| vs.<br>A&W ALASKA INC.;<br>MTN. VIEW SHELL, FOOD MART<br>And A&W RESTAURANT;<br>LISA SUZUKI,<br>TERRY SUZUKI,<br>Defendants. | ) **DEFENDANT'S SUPPLEMENTAL**<br>) **TRIAL BRIEF**<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3: 04-cv-0017 (RRB)<br>) |

  Plaintiff's attorney asks the Court to forgive what might seem to be a light-hearted approach to Defendant's most recent supplemental trial brief. Plaintiff's counsel asks the Court to remember he was not a part of this case at the original trial court phase, but only handled the appeal and now the trial.

  Plaintiff's counsel cannot help but notice that Defendant's most recent supplemental trial brief appears to be a closing argument.

  It also appears to be based upon *straw man* arguments which the Defendant raises in order to arrive at his own conclusion.

  A quick review of Defendant's pleading shows that from the middle of page 5, all the way through mid-page 8, being four (4) pages of the 10-page supplement is devoted to what Defendant believes are already established facts. It is Plaintiff's understanding that not one witness has yet been called to testify. How can there be so many facts already decided if no witnesses have been called.

  It would seem that in order to determine where this case is headed, we need to find out where we have been.

The base line of this present case is the Court of Appeals Memorandum Decision of February 9, 2007. There are only three (3) findings by the Ninth Circuit Court of Appeals.

1. They affirmed the District Court and eliminated the breach of contract claim.

2. They affirmed the District Court and eliminated the fraud claim.

3. The Court of Appeals was very clear in;

> A triable issue of material fact exists as to whether Morrissette is entitled to recover restitution under the quasi-contractual doctrine of unjust enrichment . . .
>
> There is also evidence from which a trier of fact could conclude the station had value at the time Suzuki surrendered it to Shell. Morrissette has raised a triable issue of material fact that were Suzuki allowed to retain the value of the station, he would receive "something for nothing". Therefore, we vacate the District Court's order granting summary judgment in favor of defendants and remand for further proceedings.

Thus, the Court of Appeals has told us that Morrissette is entitled *"to recover restitution under the quasi-contractual doctrine of restitution and unjust enrichment."*

66 Am. Jur.2d *Restitution and Implied Contracts*, §1, 2nd Ed. 1973, states;

> "Restitution" as used in the earlier common law to denote the return or restoration of the specific thing or condition by modern usage, its meaning has frequently been extended to include not only the restoration, or giving back of something to its rightful owner, but also compensation, reimbursement, indemnification or reparation for benefits derived from or for loss or injury caused to another. As a general principle, the obligation to do justice rests upon all persons, natural and artificial, if one obtains the money or property of others without authority, the law, independently of express contract will compel restitution or compensation.
> . . .
> A person obtains restitution when he has been restored to the position he formerly occupied, either by the return of something which he formerly had or by the receipt of its equivalent in money.

Unjust enrichment is also defined in 66 Am. Jur.2d *Restitution and Implied Contracts*, §3 as;

> The phrase "Unjust enrichment" is used in law to characterize the result or effect of a failure to make restitution of, or for, property or benefits received under such circumstances as to give rise to a legal or equitable obligation to account therefore.

Going further, 66 Am. Jur.2d *id.,* §4 is a summation of these two principles combined and states;

> Generally speaking, the principles by which a person is entitled to restitution are the same whether the proceeding is one at law or in equity, since restitution is based not upon contract or statute, but upon justice, morals, equity, and good conscience. Unjust enrichment is usually a prerequisite for the enforcement of the doctrine of restitution; if there is no basis for unjust enrichment there is no basis for restitution.

Alas, if A & W Alaska, Inc./Terry Suzuki and/or Lisa Suzuki were unjustly enriched by these events, Plaintiff Morrissette is entitled to restitution. This is not a contract claim or breach of contract claim.

Defendant wishes to micro-manage the evidence and try to limit the evidence. To show the equitable doctrine of unjust enrichment, Plaintiff is entitled to bring out all aspects and indicia of value as follows:

1. Begin with the price paid by A & W Alaska, Inc. for the franchise agreement with Suzuki;

2. The purchase price of $250,000.00, with Plaintiff Morrissette paying $241,760.54 after a discount,

3. Terry Suzuki, on behalf of A & W Alaska Inc. agreeing he would buy the station back from Plaintiff Morrissette for $150,000.00 in August, 2003, that amount being $100,000.00 less than the amount he sold it to her for;

4. On September 8, 2003, Plaintiff Morrissette and her nephew, David Choi being denied access and possession of the station under threat of criminal action.

5. On or about November 5, 2003, Terry Suzuki, on behalf of A & W Alaska, Inc. agreeing to pay $125,000.00 to buy back the station.

6. On December 3, 2003, Terry Suzuki, on behalf of A & W Alaska, Inc. again changed his mind and stated the "sale is dead". He was willing to put a plan into

place to keep the station himself but only if he could get the monthly lease payments from Shell reduced to $8,000.00 per month while threatening Shell he would close the station if Shell did not reduce the rent.

7.      On December 15, 2003, the $14,596.00 lease payment was due to Shell, but Defendant said there was no money to pay it and wanted Morrissette to advance the money, which she was unwilling to do unless Defendants signed a repurchase agreement, which they would not.

8.      Defendant was faced with 15 months of lease obligation to Shell in an amount of $14,596.00 per month, and so turned the station back to Shell for release of that obligation.

All of these facts are relevant to the issue of restitution and unjust enrichment. If the jury answers the first special verdict question of *Was A & W Alaska, Terry Suzuki and Lisa Suzuki unjustly enriched at the expense of Plaintiff Helen Morrissette,* the jury can then go to the second question of by what amount, and what is the proper amount of restitution to pay Helen Morrissette to put her back in the position she was in prior to this transaction.

To follow this course is to adopt and recognize the ruling by the 9th Circuit Court of Appeals. The 9th Circuit Court of Appeals has said that Helen Morrissette has the right to her day in court. This does not mean her day in court should be micro-managed by the evidence which only the Defendant wants to present all of the to the jury. The principles of equity, justice and fairness require that she be allowed to present evidence as above stated.

All of this evidence is relevant to the issue of unjust enrichment and restitution. It is not prejudicial because they are the facts. This is not a breach of contract claim. It is a claim for restitution under the quasi-contractual doctrine of unjust enrichment.

AGLIETTI, OFFRET & WOOFTER
Attorneys for Plaintiff

6/6/07
06/06/07

Ronald A. Offret, Alaska Bar #7410096

A copy of the above was served on
John Havelock by the ECF system on
June 6, 2007 the above date.

Ronald A. Offret

Case No. 3:04-cv 0017 (RRB)
Plaintiff's Reply, Continued
Page 4 of 4