Ronald A. Offret, AK Bar # 7410096
Aglietti, Offret & Woofter
733 W 4th Avenue, Suite 206
Anchorage, AK 99501
Telephone:    (907) 279-8657
Facsimile:    (907) 279-5534

### UNITED STATES DISTRICT COURT DISTRICT OF ALASKA

| | |
|---|---|
| HYON N. MORRISSETTE,<br>    Plaintiff,<br><br>vs.<br>A&W ALASKA INC.;<br>MTN. VIEW SHELL, FOOD MART<br>And A&W RESTAURANT;<br>LISA SUZUKI,<br>TERRY SUZUKI,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) **PLAINTIFF'S PROPOSED**<br>) **JURY INSTRUCTIONS**<br>)<br>) Case No. A04-0017 (RRB) On Remand<br>) |

Plaintiff's proposed jury instructions (1 – 7, plus Special Verdict Form) follow this page.

DATED this 8th day of June, 2007 at Anchorage, Alaska.

        /s/Ronald A. Offret
        AGLIETTI, OFFRET & WOOFTER
        733 W. 4th Avenue, #206
        Anchorage AK 99501
        (907) 279-8657 (Tel.)
        (907) 279-5534 (Fax)
        raoffret@yahoo.com
        Alaska Bar #7410096
        Attorney for Plaintiff

I certify that on 6/8/2007 a copy of the foregoing Plaintiff's Proposed Jury Instructions
Was served electronically on the following
John Havelock
jehavelock@yahoo.com
By /s/Ronald A. Offret

PLAINTIFF'S INSTRUCTION 1:

The parties have agreed to certain facts that I will now read to you. You must treat these facts as having been proved.

The defendants are:

    A&W Alaska Inc., d/b/a Mountain View Shell Food Mart and A&W Restaurant is an Alaska Corporation owned equally by Lisa Suzuki and Terry Suzuki.

    Lisa Suzuki is the president of A&W Alaska Inc.

    Terry Suzuki is the vice-president of A&W Alaska Inc.

    All defendants are to be treated as one, meaning the act of one defendant is equally binding on all defendants.

    Similarly the liability of one defendant is the equal liability of all other defendants and equally enforceable against each.

PLAINTIFF'S INSTRUCTION 2:

This is a dispute between Plaintiff Morrissette and A&W Alaska Inc., dba Mountain View Shell Food Mart and A & W Restaurant, as well as Lisa and Terry Suzuki, individually. Lisa and Terry Suzuki are the owners of A & W Alaska, Inc. The parties have stipulated that all Defendants will be treated equally as one when referring to Terry Suzuki and/or Lisa Suzuki, and/or A & W Alaska Inc.

The Suzuki's, through A & W Alaska Inc., held a long-term lease/franchise on the Mountain View Shell station, food mart and A & W Restaurant. Defendants sold the Mountain View Shell complex to Plaintiff who then took responsibility for the lease/francise. The station was thereafter managed by Plaintiff's husband, but at some point, Terry Suzuki re-took possession of the Mountain View Shell complex and on December 15, 2003, returned the Mountain View Shell complex back to Shell, terminating the long-term lease/franchise agreement and all obligations owed to Shell

There will be conflicting evidence as to the reasons why certain things were done. These are the questions you will decide in your deliberations.

PLAINTIFF'S INSTRUCTION 3:

In deciding the facts of this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

PLAINTIFF'S INSTRUCTION 4:

You have heard evidence that Terry Suzuki, one of the defendants, and a witness, has been convicted of a Federal felony, Bank Fraud. You may consider this evidence, along with other pertinent evidence, in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

PLAINTIFF'S INSTRUCTION 5:

Certain charts and summaries that have not been received in evidence have been shown to you in order to help explain the contents of books, records, documents or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

PLAINTIFF'S INSTRUCTION 6:

The Korean language has been used during this trial.

The evidence you are to consider is only that provided through the official court interpreter. Although some of you may know Korean, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English translation. You must disregard any different meaning.

PLAINTIFF'S INSTRUCTION 7:

Plaintiff Morrissette is claiming she is entitled to recover restitution for her loss under the quasi-contractual doctrine of unjust enrichment.

I will explain those legal terms for you. *Restitution*, as used in the law, means to return or restore the return of or restoration of the specific thing or condition. Its meaning has been extended to include not only the restoration or giving back of something to its rightful owner, but also encompasses compensation, reimbursement, indemnification or reparation for benefits derived from or for loss or injury caused to another person. As a general principle, if a person obtains money or property of others, without authority, the law will compel restitution or compensation.

A person obtains restitution when he has been restored to the position he formerly occupied through the return of something which he formerly had or by the receipt of its equivalent of money.

*Unjust enrichment* is used in the law to characterize the result or effect of the failure of a person to make restitution of, or for property or benefits received, under such circumstances as to give rise to a legal or equitable obligation to account therefore.

*Unjust enrichment* is usually a pre-requisite for the enforcement of the doctrine of restitution. If there is no basis for unjust enrichment, there is no basis for restitution.

Therefore, in order to find in favor of the Plaintiff and to award restitution, then you must first find the Defendant has been unjustly enriched. If the Defendant has been unjustly enriched at the expense of Plaintiff, then Plaintiff is entitled to restitution in an amount necessary to restore her to the position she formerly occupied.

PLAINTIFF'S INSTRUCTION 7:


In these instructions, I have tried to use correct pronouns when referring to the parties and to use the plural form when it is appropriate. You should interpret the instructions in a reasonable way. The choice of pronouns is not important. What is important is that you follow the rules given in the instructions.

SPECIAL VERDICT FORM

WE THE JURY duly empanelled in the above-entitled case, answer the following questions:

1. Was the Defendant unjustly enriched?

   Yes:_____    No:_____

If your answer to (1) is YES, then proceed to question (2).

If your answer to (1) is NO, then sign and return the verdict form.

2. Is Plaintiff entitled to restitution?

   Yes:_____    No:_____

If your answer to (2) is YES, then proceed to question (3).

If your answer to (2) is NO, then sign and return the verdict form.

3. What is the amount of money necessary, as restitution, to restore Plaintiff Morrissette to the position she formerly occupied?

   $_____

_____       _____
Date                      JURY FOREPERSON