Ronald A. Offret, AK Bar # 7410096
Aglietti, Offret & Woofter
733 W 4th Avenue, Suite 206
Anchorage, AK 99501
Telephone:   (907) 279-8657
Facsimile:   (907) 279-5534

### UNITED STATES DISTRICT COURT DISTRICT OF ALASKA

| | |
|---|---|
| HYON N. MORRISSETTE,<br>    Plaintiff,<br>vs.<br>A&W ALASKA INC.;<br>MTN. VIEW SHELL, FOOD MART<br>and A&W RESTAURANT;<br>LISA SUZUKI,<br>TERRY SUZUKI,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) **PLAINTIFF'S OBJECTIONS TO**<br>) **DEFENDANTSPROPOSED**<br>) **JURY INSTRUCTIONS**<br>) Case No. 3:-04-cv-00017 (RRB)<br>) |

    COMES NOW Plaintiff, through counsel and opposes Defendants proposed jury instructions Nos. 7 & 8.

OBJECTION TO DEFENDANTS INSTRUCTION NO. 7.

    NO 7. states in part: "There is no evidence that Mr. Suzuki Defrauded Ms. Morrissette."

    This comment is inappropriate because this fraud count went to Plaintiff's allegation concerning failure of defendants to provide a first right of refusal on the Dimond Shell station. The ninth Circuit affirmed the district court in eliminating this cause of action. The finding of "no fraud" by the district court and affirmed by the ninth Circuit dealt only with the that failure of defendant to provide or Plaintiffs failure to exercise that first right of refusal. That issue is no longer a part of this case. The jury instruction has no bearing on the evidence to be introduced to the jury.

    NO 7 also states in Part: "There is no claim for breach of contract in this case."

    This comment is inappropriate because there was a claim for breach of contract, but that claim was eliminated by the district court and affirmed by the ninth Circuit's decision. Hence there is not a claim for breach of contract in this case. The jury instruction has no bearing on the evidence to be introduced to the jury.

NO 7 further states in Part: "There no evidence that Mr. Suzuki wrongfully prevented Ms. Morrissette from resuming control of her business after the buyback negotiations failed."

This is not a true statement of the facts. The reverse is true. Ms. Morrissette went to the Mountain View Shell station with her nephew but they were rebuffed in their attempt to manage the station and were forced to leave under threat of the Police being called to arrest them for criminal trespass. The various communications between the parties indicated her attempt and future attempts to take over management of the Station would be inappropriate unless done in accordance with the way Terry Suzuki wanted it done.

### OBJECTION TO DEFENDANTS JURY INSTRUCTION NO. 8

This jury instruction misstates the law of *Restitution* and *Unjust Enrichment*. Further it attempts to limit the unjust enrichment of defendants to the "forgiveness that Shell gave..". This is an equitable action for *Restitution* based on *Unjust Enrichment*. The equitable action covers all the dealing of the parties, from the original obtaining of the lease/franchise with Shell all the way to the time the lease/franchise was returned to Shell being from April 1, 2002 to December 15, 2003. Plaintiff has properly set out and explained the law of *Restitution* and *Unjust Enrichment* in her jury instructions. The proper questions on these areas arein the Special Verdict Form with the questions to be asked of the jury.

THEREFORE Plaintiff requests Defendants jury instructions nos. 7 & 8 not be used.

DATED this 8th day of June, 2007 at Anchorage, Alaska.

/s/Ronald A. Offret
AGLIETTI, OFFRET & WOOFTER
733 W. 4th Avenue, #206
Anchorage AK 99501
(907) 279-8657 (Tel.)
(907) 279-5534 (Fax)
raoffret@yahoo.com
Alaska Bar #7410096
Attorney for Plaintiff

I certify that on 6/8/2007 a copy of the foregoing
Plaintiff's Objections to Proposed Jury Instructions
was served electronically on the following
John Havelock
jehavelock@yahoo.com
By /s/Ronald A. Offret