John Havelock
LAW OFFICES OF JOHN HAVELOCK
632 Christensen Drive, Suite 100
Anchorage, AK  99501
(907)276-1916
(907)258-9053 (fax)
jehavelock@yahoo.com
Attorney for Defendants

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HYON N. MORRISSETTE, ) ) Plaintiff, ) vs. ) ) A&W ALASKA INC., et al. ) ) Defendants. ) ) | AO4-0017 CV (RRB) On Remand **OBJECTIONS TO PLAINTIFF'S JURY INSTRUCTIONS** |

Defendant submits the following objections to plaintiff's jury instructions so far submitted.

**PLAINTIFF'S INSTRUCTION NO. 2.**  The first paragraph is a repeat of Instruction No. 1.  In general, this is a description of the case, with inaccuracies. Defendant prefers that the court's description of the case as extracted from the court's decision on defendant's motion for summary judgment be used, or a summary of that, together with a selection of what is at issue, as previously submitted by defendant, from the Circuit Court's decision.

In addition, the description of events in the second paragraph is inaccurate starting with the second sentence, which could otherwise read:

"Defendants entered into a sales agreement with the plaintiff <u>and her husband Rocky</u> by which the Shell franchise would be purchased by them, or if the franchise transfer was not approved by Shell, then they would have management rights. The plaintiff and Rocky took possession of the franchised premises and began to operate it in January of 2003. By February, Ms. Morrissette and her husband were separated and Rocky operated the station alone. The separation was followed by a divorce. In the divorce, Ms. Morrissette received a credit in the division of the marital estate for the purchase value of the station; but, since the property was deemed worthless as the result of her husband's management, Ms. Morrissette took it by mutual agreement without any balancing credit to Rocky's account.

"Ms. Morrissette reentered the premises on or about July 1, 2003, and on or about July 6, 2003, she handed it over to Mr. Suzuki to see if he could salvage it. The parties were also negotiating to see if Mr. Suzuki would buy it back. These negotiations continued, through lawyers hired by each side, until late November without any agreement being reached. As the business was not picking up, Mr. Suzuki told Ms. Morrissette that if she did not pay the December rent, he would surrender the franchise to Shell, which he did."

The last sentence of Plaintiff's Instruction No. 2 makes no sense and should not be used.

**PLAINTIFF'S INSTRUCTION NO. 3.** This is a pattern instruction. Defendants have no objection. It was defendants' understanding that the court was going to use its own set of standard pattern instructions, and the parties would not be required to submit them. If this is not true, defendants would like to submit more pattern instructions, particularly burden of proof.

**PLAINTIFF'S INSTRUCTION NO. 4.** Defendants have already objected (and lost) to the admission of this 9-year-old conviction and prefer their own instruction. Plaintiff's instruction does not date the conviction, and does not include the advice that it is not to be considered except for determining the credibility of his testimony.

**PLAINTIFF'S INSTRUCTION NO. 5.** No objection if charts and summaries are shown.

**PLAINTIFF'S INSTRUCTION NO 6.** No objections

**PLAINTIFF'S INSTRUCTION NO 7.** Since no references come with this instruction, defendants reserve their objections to this series of instructions.

With that said, defendants object to use of the term "quasi-contractual," which is only going to be confusing to lay persons. Defendants consider the proposed definitions of unjust enrichment in relation to restitution to be labored and confusing. The term restitution is not necessary to a resolution of this case. It is a consequence, and is not tied to the plaintiff's loss in particular.

In defining "unjust enrichment" the court's attention is called to *U.S. ex rel. North Star Terminal & Stevedore Co. v Nugget Const. Inc.*, 445 F. Supp 2d 1063 (D.Alaska, 2006). This court determines that there are three elements of unjust enrichment of which the second is "(2) appreciation by the defendant of that benefit." To "appreciate" is "to understand the significance or meaning of" (Blacks Law Dictionary, Seventh Ed.). Thus as an additional instruction, or as an addition to an existing instruction, the meaning of this sentence should be added: "To count as a benefit to the defendant, the defendant must, at the time of the transaction, understand that he is receiving a benefit."

**PLAINTIFF'S INSTRUCTION NO. 8** (numbered 7 in error). See comment to Plaintiff's proposed instruction No. 3.

**SPECIAL VERDICT FORM.**  As indicated by Defendants' submission of proposed jury instructions, Defendants believe that the first question is:  "Were the defendants enriched?"  Then, if the jury determines that they were enriched, the question is, "Was that enrichment unjust?"  If the answer to both questions is yes, then the jury should determine the amount of the unjust enrichment.

Defendants particularly object to the proposition that the plaintiff is entitled to be paid an amount to "restore her to the position she formerly occupied."   What she is asking for here is her contract damages on rescission and this is not a contract case.

Dated this 10th day of June, 2007.

  s/John Havelock
LAW OFFICES OF JOHN HAVELOCK
632 Christensen Drive, Suite 100
Anchorage, AK  99501
(907)276-1916
(907)258-9053 (fax)
jehavelock@yahoo.com
Alaska Bar # 6101006
Attorney for Defendants

CERTIFICATE OF SERVICE:  I hereby certify that a copy of the foregoing OBJECTIONS TO PLAINTIFF'S JURY INSTRUCTIONS was served electronically this 10th day of June, 2007 on the following:

RONALD OFFRET
raoffret@yahoo.com

By:    s/John Havelock