IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HYON N. MORRISSETTE,<br><br>      Plaintiff,<br><br>vs.<br><br>A&W ALASKA INC.;<br>MT. VIEW SHELL, FOOD MART and<br>A&W RESTAURANT;<br>LISA SUZUKI; and<br>TERRY SUZUKI,<br><br>      Defendants. | Case No. 3:04-cv-0017-RRB<br><br><br>**INSTRUCTIONS TO THE JURY** |

# INSTRUCTION NO. 1

THE OATH WILL NOW BE ADMINISTERED.

You are now ready to serve as jurors.  To assist you in your task, I am going to summarize for you the way in which the trial will be conducted.  After you have heard the evidence, I will briefly explain some of the law that you will need to know.

The trial will proceed in the following manner.  First, the plaintiff, through counsel, will make an opening statement outlining what the plaintiff expects to prove.  Next, the defendant, through counsel, may make an opening statement or may reserve it.  You are reminded that the statements of counsel are not evidence, but are merely an indication of what evidence counsel expect to be presented.  The plaintiff will then present its evidence.  When the plaintiff has concluded its case, the defendant may present evidence, but is under no obligation to do so.  If the defendant presents any evidence, the plaintiff may present rebuttal evidence.

After the evidence is presented, the parties will have the opportunity to argue the case to you.  This will be explained later.

After the arguments end, I will tell you about the law that applies to the case, then you will meet together to evaluate the evidence, apply the law to the evidence, and reach a verdict if you are able.

I will rely on you to determine the facts.  This must be done by relying solely upon the evidence received in this trial;

you must not be governed by mere sentiment, conjecture, sympathy, passion, prejudice, public opinion, or public feeling, but must base your conclusions only upon a fair consideration of the evidence.    That evidence may include the sworn testimony of witnesses, exhibits submitted into the record, facts agreed to by the attorneys, and facts judicially noted by the court.    The evidence should be considered and viewed by you in light of your own observations and experiences in everyday life, but you may <u>not</u> consider any other source of information not presented to you in this Court.  Therefore, during the trial you must avoid reading any newspaper articles about the case or listening to or watching any news stories about the case.

It will be my duty to decide what law must be applied. In so doing, I will look to a number of sources:  the statutes of the United States; the decisions of the United States Supreme Court and other learned courts; and the evidence presented by the attorneys who will have appeared before you.  You must apply the law as I give it to you; you may not apply the law as you think it is or should be, or as somebody else may have told you it is.

At no time during the course of the trial will it be my intention, by anything I say or do, or by any questions that I may ask, to suggest what you should find to be the facts on any questions submitted to you, or that I believe or disbelieve any witness.  If anything I do or say seems to so indicate, you will disregard it and form your own opinion.  What the verdict shall be is your sole and exclusive duty and responsibility.

There are rules of law that prevent some types of information from being presented as evidence in a court of law. This is why objections may be made to certain questions of counsel, answers of witnesses, or exhibits.    There will likely be bench conferences and legal arguments outside of your presence to discuss these rules.  Basically, these rules are designed to do two things. First, they try to keep you focused on important and reliable evidence by keeping out interesting but not very important and reliable information.  Second, the rules help you decide the case objectively without being swayed by information that might cause you to respond emotionally.   It is because the law protects what you hear that we have such confidence in the impartiality and the integrity of the jury.  You should not be influenced by the fact that objections are made to questions or to the presentation of evidence, or that requests are made that I take certain actions; nor should you be influenced by the number of objections or requests that are made.   Objections or requests are not evidence. You should draw no conclusions about the case from my response to objections or requests.   My rulings on these matters must be determined by the law and will not reflect anything about the merits of the case or my views of the evidence or the witness.   So please remember that my rulings that exclude evidence or that bar questions are designed to help you decide the case fairly.    Of course, if I decide that certain evidence should be excluded, you must disregard it.   You may not speculate as to why the evidence was excluded or what it may have been.

# INSTRUCTION NO. 2

To help you follow the evidence, I will give you a brief summary of the case.

Basically, this case involves a gas station franchise with Shell Oil Company. The name of the business was Mountain View Shell, Food Mart and A & W Restaurant. In November of 2002, Ms. Morrissette purchased the franchise from Mr. Suzuki for cash and took over its operation. The business soon was beset with difficulties and, in August of 2003, Ms. Morrissette and Mr. Suzuki had conversations concerning the business and it was agreed that Mr. Suzuki would take possession of the business in an effort to bring it back to successful operation. Ms. Morrissette turned the business over to Mr. Suzuki and the parties engaged in some discussion about the possibility of Mr. Suzuki buying the business back but no final agreement was reached. After about 4-1/2 months, Mr. Suzuki concluded that the business could no longer operate successfully and the business was surrendered back to Shell Oil Company. The parties dispute whether or not Ms. Morrissette agreed to the surrender of the business back to Shell.

Ms. Morrissette contends that the business had value at the time it was surrendered back to Shell and contends that Mr. Suzuki was unjustly enriched, at her expense, when Mr. Suzuki ceased operation of the business and returned it to Shell. She seeks restitution, that is money damages, from Mr. Suzuki.

Mr. Suzuki contends that the business had no value at the time it was returned to Shell and that Ms. Morrissette is entitled to nothing from him.  Furthermore, Mr. Suzuki contends that he put his own money into the service station and that any monies Ms. Morrissette might be entitled to should be offset by that.

# INSTRUCTION NO. _3_

The parties have agreed to certain facts that I will now read to you. You must treat these facts as having been proved.

The defendants are A&W Alaska, Inc., d/b/a Mountain View Shell Food Mart and A&W Restaurant is an Alaska Corporation owned equally by Lisa Suzuki and Terry Suzuki. Lisa Suzuki is the president of A&W Alaska, Inc. Terry Suzuki is the vice-president of A&W Alaska, Inc.

All defendants are to be treated as one, meaning the act of one defendant is equally binding on all defendants.

Similarly, the liability of one defendant is the equal liability of all other defendants and equally enforceable against each.

**INSTRUCTION NO.** *4*

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received into evidence; and

(3) any facts to which the lawyers stipulate.

# INSTRUCTION NO. 5

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys;

(2) questions and objections of the attorneys;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

**INSTRUCTION NO.** *6*

Some evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**INSTRUCTION NO.** _7_

     Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## INSTRUCTION NO. _8_

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

# INSTRUCTION NO. _9_

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

**INSTRUCTION NO.** *10*

You may hear testimony from a person who, because of education or experience, is permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## INSTRUCTION NO. _11_

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**INSTRUCTION NO.** _12_

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## INSTRUCTION NO. _13_

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the bailiff or clerk to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide that case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

**INSTRUCTION NO.** _14_

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

**INSTRUCTION NO.**  *15*

If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left in the courtroom.

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

**INSTRUCTION NO.** _16_

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

## INSTRUCTION NO. _17_

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately. Do not read or listen to any news reports of the trial. Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the bailiff or clerk to give to me.

I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on such occasions.

## INSTRUCTION NO. _18_

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

# INSTRUCTION NO. _19_

Plaintiff Morrissette is claiming she is entitled to recover restitution for her loss under the doctrine of unjust enrichment.

Unjust enrichment occurs when one benefits from another's uncompensated acts and does not pay for the benefit received. It is the failure of a person to make restitution under circumstances that would give rise to a legal or equitable obligation to do so.

Unjust enrichment is a pre-requisite for the enforcement of the doctrine of restitution. If there is no basis for unjust enrichment, there is no basis for restitution.

Restitution, as used in the law, means to return or restore the return of, or restoration of, some specific thing or condition. It also encompasses compensation, reimbursement, indemnification, or reparation for benefits derived from or for loss or injury caused to another person. As general principle, if a person obtains money or property of others, without authority, the law will compel restitution or compensation.

A person obtains restitution when the person has been restored to the position formerly occupied through the return of something which the person formerly had or by the receipt of its equivalent of money.

In order to find in favor of the plaintiff and to award restitution, you must first find the defendant has been unjustly enriched. If the defendant has been unjustly enriched

at the expense of plaintiff, then plaintiff is entitled to restitution in an amount necessary to restore her to the position she formerly occupied, but no greater then the amount of defendant's unjust enrichment.

In order for plaintiff to prevail on her claims, you must be convinced by a preponderance of the evidence.

Defendant Suzuki denies any obligation to plaintiff.

**INSTRUCTION NO.** *20*

A person who has been unjustly enriched at the expense of another is required to make restitution to that person.  A person is enriched if he receives a benefit; a person is unjustly enriched if the retention of the benefit without paying for it would be unjust.

**INSTRUCTION NO.** *21*

The obligation to make restitution is not based upon any agreement between the parties, objective or subjective.

**INSTRUCTION NO.** 22

The plaintiff must prove three elements to recover: (1) a benefit conferred upon the defendant by the plaintiff; (2) appreciation or understanding by the defendant of such benefit; and (3) acceptance and retention by the defendant of such benefit under such circumstances that it would be inequitable for him to retain it without paying the value of it.

## INSTRUCTION NO. 23

The enrichment to the defendant must be unjust; that is, the defendant must receive a true windfall or "something for nothing."

# INSTRUCTION NO. 24

      A party cannot be enriched at the expense of another for
the receipt of that to which the party is legally entitled.

**INSTRUCTION NO.** *25*

Evidence was admitted regarding the purchase price Ms. Morrissette paid to Mr. Suzuki for the business in question.

This evidence was admitted solely by way of background and may not be viewed as the value of the business at the time it was surrendered to Shell.

## INSTRUCTION NO. 26

    The defendant, Mr. Suzuki, has admitted that nine years ago he was convicted of bank fraud.  You may consider this fact in determining only the credibility of Mr. Suzuki as a witness.  You may not consider it independently in determining Mr. Suzuki's liability, his propensity to do wrong, or the probability of the existence of any fact not a part of Mr. Suzuki's testimony.

**INSTRUCTION NO.** _27_

Certain charts and summaries that have not been received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

## INSTRUCTION NO. 28

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**INSTRUCTION NO.** *29*

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**INSTRUCTION NO.** _30_

A verdict form has been prepared for you.  On the day you reach your verdict, if you should agree upon your verdict before 4:30 p.m., you should have your foreperson date and sign the verdict form unanimously agreed upon by your members and return it immediately into open court in the presence of the entire jury, together with any exhibits and these instructions.

In the event that you do not arrive at a verdict before 4:30 p.m., you may go to your homes or place of abode for the night, but you must return to the jury room to continue your deliberations at 9:00 a.m. the following morning.

ENTERED this 14th day of June, 2007.

**REDACTED SIGNATURE**

RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE