John E. Havelock, AK Bar No. 6101006
Law Offices of John Havelock
632 Christensen Drive, Suite 100
Anchorage, AK  99501
(907)276-1916
fax (907)258-9053
jehavelock@yahoo.com

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HYON N. MORRISSETTE, )<br>)<br>            Plaintiff )<br>vs. )<br>)<br>A&W ALASKA INC, et al. )<br>)<br>            Defendants )<br>_____ ) | **MEMORANDUM IN SUPPORT OF<br>MOTION FOR JUDGMENT ON<br>DIRECTED JUDGMENT,<br>JUDGMENT N.O.V. OR IN<br>ALTERNATIVE FOR NEW TRIAL**<br><br>Case No. A3:04-cv-0017 (RRB) |

This verdict was a travesty caused by the jury's prejudice against the defendant as a result of his fraud conviction and the legally misleading final argument of the plaintiff which the jury appeared to follow in lieu of the court's instructions. This prejudice caused the jury to disregard both the evidence and the instructions of the court. The evidence, or lack of it, independently justifies the court in granting the defendant's motion for a directed verdict at the close of plaintiff's testimony, as well as his motion for judgment n.o.v.

In his final argument, plaintiff's counsel ignored the point of calculation of damages identified by the Ninth Circuit, the loss of value at the time of surrender of the franchise, and essentially argued his case as a breach of contract on the original sale. Restitution is a remedy on breach of contract, also, so by hammering on restitution, plaintiff's counsel turned the case into a contract

(or fraud or conversion) case with restitution as her remedy. The jury was persuaded by this argument and, in the face of the court's instruction number 25, to the effect that the original purchase price was admitted solely by way of background, and could not be considered as the value of the business at the time it was surrendered to Shell, came back with a verdict of $231,760, which was exactly the purchase price the jury was instructed to treat only as background information.

Though information on prior proceedings was not given to the jury, this court had dismissed all claims of the plaintiff excepting the claim allowed by the Ninth Circuit on remand for Unjust Enrichment. Yet the jury's verdict makes it evident that it decided that Mr. Suzuki, a bad man, must have swindled Ms. Morrissette on the original sale.

The circuit court made it clear enough that what it was looking for was the possible unjust enrichment of Mr. Suzuki at the time he returned the franchise to Shell Oil Co. The only evidence on that subject, from Mr. Suzuki and Mr. Scott and the defendant's Exhibit A (a mutual release without further consideration), was that the value of the franchise at the point of its return to Shell was zero. The testimony of Mr. Choe, the CPA called by the plaintiff, was to the same effect, or at least to the effect that the franchise had lost money. If it had no value at thebeginning and lost money, Mr. Susuki's testimony that he actually lost money on the transaction is fully and independently supported by the circumstantial evidence as supported by the testimony of Mr. Choe.

It was undisputed (both the District Court and the Ninth Circuit

having found so), and the evidence at trial reconfirmed, the franchise had been destroyed through the management of the plaintiff and her husband in early 2003.  Thus, reasoning from the Circuit Court's determination, the only damage that Ms. Morrissette could possibly recover was the damage caused through Mr. Suzuki's taking some kind  of a net profit out of the operations of the franchise from August 2003 (when Ms. Morrissette gave him possession) through the end of the year when it was surrendered. The measure of his unjust enrichment was what he got from Shell at the time in exchange for the surrender.

   The plaintiff ignored the description of facts and theory of recovery emanating from the Circuit Court's decision, completely failing to produce sufficient evidence from which a jury could reasonably conclude that Mr. Suzuki had so profited. The gist of Ms. Morrisssette's testimony (really the argument of her counsel) was that Mrs. Suzuki had failed to produce documents showing the deposits made were for to meet cash requirements, so that checks out were clearly reimbursements.  Mr. Choe testified that to do the full match would require a full audit.  Mr. Choe also said that the business had lost money over the period of Mr. Suzuki's management, a conclusion he could reach without an audit. So there was no value from which Mr. Suzuki could have taken a profit.  From the point of view of plaintiff, this evidence was relevant only to show that Mr. Suzuki was dishonest so that the jury could work a restitution on the original contract.  Having no case for unjust enrichment at the time of the surrender of the franchise, plaintiff's counsel improperly suggested to the jury in final argument that Ms. Morrissette was entitled to the return of her purchase money. He further argued to the jury that Mr. Suzuki had the burden of showing

information that only an audit could produce, in contradiction to the normal burden of proof requirements.

This is a court in equity hearing pleas in equity. The inequity of Mr. Suzuki's original sale was not before the court at trial. The inequity depended on showing he made a profit from the time the franchise was returned to him in August to the end of the year. Instead, the jury has delivered a verdict that reeks of inequity.

Having purchased the station with her husband, Ms. Morrisssette and her husband proceeded to reduce the value of the station to zero.  Ms. Morrissette then received the purchase price of the station in a divorce action on the theory that it was her husband that had done all the damage.  Subsequently, on the supporting testimony of Mr. Suzuki who was concerned that her husband Rocky would injure his economic interests, she got the station franchise as a windfall.  Then she sues Mr. Suzuki and in trial effectively recovers the purchase price, once again, of a station for whose ruin she was legally responsible and the value of which she has already recovered from her husband. There is no equity here. The jury's verdict rejects the effect of this court's earlier judgment on summary judgment and the circuit court's explanation of a remaining cause, exclusively in equity, to be heard.

The court should grant the plaintiff both his motion for a directed verdict at the close of the evidence for failure of the plaintiff to prove a sufficient case, and grant the plaintiff's motion for judgment n.o.v. on the grounds that a jury following the court's instructions, could not have reached the verdict it did unless moved by prejudice or misunderstanding.  In the alternative, the court should reject the verdict and grant a new trial to defendant.

Dated this 21st day of June, 2007.

    /s/ John Havelock
Alaska Bar No. 6101006
Attorney for Defendants

Certificate of Service
A copy of the foregoing was served on Ronald Offret by the ECF on the above date.
    /s/ Janet Rader