Ronald A. Offret, AK Bar # 7410096
Aglietti, Offret & Woofter
733 W 4th Avenue, Suite 206
Anchorage, AK 99501
Telephone: (907) 279-8657
Facsimile: (907) 279-5534

UNITED STATES DISTRICT COURT DISTRICT OF ALASKA

| | |
|---|---|
| HYON N. MORRISSETTE,<br>Plaintiff,<br><br>vs.<br>A&W ALASKA INC.;<br>MTN. VIEW SHELL, FOOD MART<br>And A&W RESTAURANT;<br>LISA SUZUKI,<br>TERRY SUZUKI,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3: 04-cv-0017 (RRB)<br>) |

**OPPOSITION TO MOTION FOR JUDGMENT
ON DIRECTED VERDICT; FOR JUDMENT N.O.V.
OR IN THE ALTERNATIVE FOR A NEW TRIAL**

Defendants have moved this Court for a Judgment on directed verdict, Judgment N.O.V., and alternatively for a new trial.

Plaintiff files this opposition and asserts the jury verdict was supported by the clear weight of the evidence, and was not excessive. The unanimous jury verdict of the 8 people on the jury correctly applied the facts in determining whether Plaintiff "is entitled to recover restitution on the quasi-contractual doctrine of unjust enrichment" as ordered by the 9th Circuit Court of Appeals in their Memorandum Decision of February 9, 2007.

Rule 59 of the Federal Rules of Civil Procedure and the memorandum decision of the 9th Circuit Court of Appeals entered in this case on February 9, 2007 control defendants' motion.

When there is enough evidence presented at trial to create an issue for the jury, a trial court may not grant a motion for a directed verdict nor a judgment notwithstanding the verdict. The existence of substantial evidence does not, however, prevent the court

Opposition to Motion for Judgment NOV and New Trial
Morrissette v. A&W Alaska Inc., et al
3:04-cv-0017 RRB
Page 1 of 8

from granting a motion for a new trial pursuant to Fed. R. Civ. P. 59 if the verdict is against the clear weight of the evidence. The court's power is clear in this regard; the discretion it should use in exercising this power is not.

The judge can weigh the evidence and assess the credibility of witnesses, and need not view the evidence from the perspective most favorable to the prevailing party. *Fount-Wip, Inc. v. Reddi-Wip, Inc.*, 568 F.2d 1296, 1302 (9th Cir. 1978); *Moist Cold Refrigerator Co. v. Lou Johnson Co.*, 249 F.2d 246, 256 (9th Cir. 1957), *cert. denied*, 356 U.S. 968, 2 L. Ed. 2d 1074, 78 S. Ct. 1008 (1958). But after weighing the evidence, the trial judge faces a difficult task:

> It may be doubted whether there is any verbal formula that will be of much use to trial courts in passing on motions [for a new trial on the grounds that the verdict is against the clear weight of the evidence]. Necessarily all such formulations are couched in broad and general terms that furnish no unerring litmus for a particular case. On the one hand, the trial judge does not sit to approve miscarriages of justice. His power to set aside the verdict is supported by clear precedent at common law and, far from being denigration or a usurpation of jury trial, has long been regarded as an integral part of trial by jury as we know it. On the other hand, a decent respect for the collective wisdom of the jury, and for the function entrusted to it in our system, certainly suggests that in most cases the judge should accept the findings of the jury, regardless of his own doubts in the matter. Probably all that the judge can do is to balance these conflicting principles in the light of the facts of the particular case. If, having given full respect to the jury's findings, the judge on the entire evidence is left with the definite and firm conviction that a mistake has been committed, it is to be expected that he will grant a new trial.

*Landes Construction Co., v. Royal Bank of Canada*, 833 F2d 1365, 1371 (9th Cir. 1987). See also *San Fransico Bay Area Reapid Transit v. Spencer*, 2007 U.S. Dist. LEXIS 40075 (N.D. Cal. May 14, 2007).

Defendants have identified all of the possible arguments, which Defendants' Memorandum is believed to address:

1. <u>Defendant Suzuki's fraud conviction:</u>

Defendants assert that the jury was prejudiced against Terry Suzuki as the result of a bank fraud conviction.

Opposition to Motion for Judgment NOV and New Trial
Morrissette v. A&W Alaska Inc., et al
3:04-cv-0017 RRB
Page 2 of 8

This matter was well briefed by the parties prior to trial. All potential jurors, including the ultimate jury, at the request of the Defendant, were asked questions by this Court in voir dire about whether they could overcome such prejudice. All jurors answered yes.

Additionally, Judge Beistline entered a cautionary jury instruction, No. 26; which stated:

> The defendant, Mr. Suzuki, has admitted that nine years ago he was convicted of bank fraud. You may consider this fact in determining only the credibility of Mr. Suzuki as a witness. You may not consider it independently in determining Mr. Suzuki's liability, his propensity to do wrong, or the probability of the existence of any fact not a part of Mr. Suzuki's testimony.

*Federal Evidence Rule 609* permits the introduction of a fraud conviction such as this if it has been 10 years or less since the conviction was entered.

The evidence rule is very clear, straightforward, and allows for introduction of such a conviction when it involves dishonesty. There can be no question that bank fraud is a crime of dishonesty.

To what extent the jury utilized or did not utilize this conviction against Mr. Suzuki is unknown. The Defendants assume it had some tremendous and overwhelming impact on the jury, since the jury verdict was in Plaintiff's favor rather than in defendants favor. Defendants only assume the verdict was based upon a bank fraud conviction of Mr. Suzuki rather than on the great weight of the evidence presented to them. The credibility of Mr. Suzuki may have been brought into question by the bank fraud conviction. He was a witness. The jury heard his entire testimony. It was up to the jury whether to believe or disbelieve all or any part of his testimony. See Jury Instruction No. 9.

2.  <u>Plaintiff's attorney's final argument, "which the jury appeared to follow in lieu of the Court's instruction" is believed by defendants to have been misleading.</u>

Arguments of counsel are not the law. The Court instructed the jury on this in Instruction No. 1 which states in part: ..."You are reminded that the statements of counsel are not evidence...." The Court also stated in Instruction No. 5:

> The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:
> (1) statements and arguments of the attorneys;

Opposition to Motion for Judgment NOV and New Trial
Morrissette v. A&W Alaska Inc., et al
3:04-cv-0017 RRB
Page 3 of 8

(2) ........

There is no evidence to suggest the jury did not follow the instructions of the Court. A verdict for Plaintiff should not automatically invoke a belief of misconduct on the part of the jury. Juries are intelligent and for centuries have been trusted to make decisions most more difficult that the one in this case.

3 (a).   The calculation of damages by the jury was not excessive.

The Court instructed the jury on the calculation of damages. (See jury instructions Nos. 19, 20, 21, 22, 23, and 24.) These instructions were forged from the Memorandum Decision of the 9th Circuit Court wherein it is stated;

"A triable issue of material fact exists as to whether Morrissette is entitled to recover restitution under the quasi-contractual doctrine of unjust enrichment." Later it states; "When Suzuki decided not to buy the station, he did not give possession of the station back to Morrissette, but instead surrendered the station to Shell in exchange for a release of his obligation to Shell." (The evidence showed this amount to be 15 months of rent at $14,500.00 per month for a total release of $217,500.00 of his obligation. The jury had this information.)

The 9th Circuit Court went on to state;

There is also evidence from which a reasonable trier of fact could conclude that the station had value at the time Suzuki surrendered it to Shell.

In this regard, Suzuki testified that the station had $241,760 of value at the time he sold it to Ms. Morrissette. Mr. Suzuki did not testify, even when asked, as to how he arrived at that value, but indicated it had that value at the time he sold it to Ms. Morrissette. The jury had that value at the time they were asked to make a decision and could easily have concluded that the station still had that value at the time it was surrendered to Shell. The jury was instructed (No. 6 & 25) that this purchase price was by way of background and was to be viewed for that limited purpose.

The 9th Circuit Court went on to state:

Morrissette has raised a triable issue of material fact that were Suzuki allowed to retain the value of the station he would receive something for nothing.

Opposition to Motion for Judgment NOV and New Trial
Morrissette v. A&W Alaska Inc., et al
3:04-cv-0017 RRB
Page 4 of 8

This is what the jury was asked to determine, i.e. the amount that the 9th Circuit said Ms. Morrissette was entitled to recover. The jury found that amount to be $231,760.00. There was substantial evidence presented to the jury from which they could have made this determination.

3 (b). <u>Defendants content they "actually lost money on the transaction"</u>.

Defendants assert that this statement is fully and independently supported by the circumstantial evidence and is further supported by the testimony of Mr. Cho. That is not true. There was no testimony (or at best conflicting testimony) that Defendants lost money while they took the station from Ms. Morrissette and operated it from August 2003 to December 2003. The only testimony given by Mr. Cho was that on a cash flow analysis the station was not making money. However, Mr. Cho did not account for the $10,000.00 cash given by Ms. Morrissette to Mr. Suzuki, nor could Mr. Cho account for the many purchases that apparently went to the benefit of Defendants' other stations in Anchorage, even though the expense was written against the account of Mountainview Shell. Further, even though the December rent was never paid as per the testimony of Mr. Suzuki, it was a part of Mr. Cho's calculations to show generally that the station was not making money.

None of this evidence supports the claim by Mr. Suzuki that the Defendants "actually lost money". In fact, when challenged on this point, Mr. Suzuki testified over and over that the accountant would have the records to establish his claim. However, Mr. Cho did not have the records to establish Mr. Suzuki's claim. Mr. Cho testified that a full audit would be required to substantiate Mr. Suzuki's claim. The Defendants chose not to establish that claim by their failure to provide any evidence to support it.

It should also be noted that the jury could easily have found that Mr. Suzuki's testimony on "lost money" had no credibility, because of his failure to provide any evidence.

Defendants complain that to produced the evidence to substantiate their claim of having "lost money" in this transaction would require a full audit. This appears to be Defendant arguing that their own failure to present the evidence they needed was because they failed to have that evidence prepared. The base records from which such evidence could have been produced were in Defendants control. Nothing prohibited them from having Mr. Cho conduct a "full audit". Defendants apparently did not believe a full audit

Opposition to Motion for Judgment NOV and New Trial
Morrissette v. A&W Alaska Inc., et al
3:04-cv-0017 RRB
Page 5 of 8

was needed and now assert their failure to have requested a full audit damaged their ability to defend against Plaintiff's claim. The answer also may be that a full audit would not have produced the explanation the Defendants hoped.

3 (c). <u>The Defendants continuously assert that the franchise had been destroyed through the mismanagement of Ms. Morrissette's husband.</u>

To the contrary, Mr. Cho produced evidence to show the sales figures of the station during the time Ms. Morrisette's husband had control of the station were similar in amount to those of when Defendants had control of the station.

Defendants also continue to advance the phantom accounting proposition that Ms. Morrissette has already received back the purchase price of the station in her divorce action. Ms. Morrissette's testimony was unequivocal. The reason the gas station had a $0 value in the divorce proceedings was because the property settlement agreement was prepared in March or April of 2004, being 3 or 4 months after the station had been surrender by Defendants to Shell. The station was out of Plaintiff's possession and control and the divorce court put it a $0 value.

It is Plaintiff's contention that she did not receive a favorable property distribution from her husband. Defendants did not feel compelled to explore that part of Plaintiff's testimony.

4. <u>There is no factual or legal basis for granting a new trial.</u>

It is hard to go behind a jury verdict to determine exactly what the jurors were thinking. However, in this instance, we know that 8 jurors unanimously agreed that the Defendants were unjustly enriched and that plaintiff was entitled to restitution in the amount of $231,760.00. There is substantial evidence to support this finding.

*Federal Rules of Civil Procedure 59* set forth the grounds for granting a new trial. Basically, a new trial is granted where the verdict is against the weight of the evidence, was either excessive or inadequate, or where conducts by court, counsel or the jury improperly influenced the deliberative process. A review of defendants motion show they are complaining the jury ignored the evidence defendant presented and adopted the evidence presented by Plaintiff.

Opposition to Motion for Judgment NOV and New Trial
Morrissette v. A&W Alaska Inc., et al
3:04-cv-0017 RRB
Page 6 of 8

The decision whether to grant a new trial is left to the sound discretion of the trial judge. Here, there can be no question that the jury verdict was based upon evidence presented to the jury. Special interrogatories were presented to the jury and answered as follows:

1. Were the Defendants unjustly enriched? Answer "Yes":

2. Is the Plaintiff entitled to restitution? Answer "Yes";

3. What amount of restitution would be required to make Plaintiff whole? Answer "$231,760.00."

There was evidence to support this jury verdict.

If the jury had returned an award of $1 million or $500,000, there would certainly be questions about how they arrived at such a verdict and the Court would have reason to question the jury's verdict.

A jury's verdict should be accorded great deference when the Court is asked to grant a new trial in cases like this one involving simple issues with highly disputed facts, rather than cases involving complex issues with facts that are generally not disputed. *See Latino v. Kaizer,* 58 F.3d 310, 314 (7th Cir., 1995).

It is generally accepted that in deciding whether to grant a new trial the Court should do so only when the verdict is against the "clear" weight of the evidence. That is not the case in this instance.

Generally, a damage award should not be disturbed unless the award exceeded "any rational appraisal or estimate of the damages" that the evidence would supports or if the award was "grossly excessive", "inordinate", "shocking" to the Court's conscious or "so high that it would be a denial of justice to permit it to stand". *See Consolo v. George,* 58 F.3d 791, 795 (1st Cir., 1995).

There is nothing about this verdict to shock the conscious of the Court. These figures were figures were discussed between the Court and the parties (even prior to the jury arriving at the verdict) when the parties engaged in conversations concerning when should or should not the Court step in if the verdict went beyond reason.

The jury should decide issues dependant on the credibility of witnesses and the weight of evidence. In determining a motion for a new trial, the Court assumes the evidence

Opposition to Motion for Judgment NOV and New Trial
Morrissette v. A&W Alaska Inc., et al
3:04-cv-0017 RRB
Page 7 of 8

for the party opposing the motion proves all facts sufficient to establish its claim, and from such facts there should be drawn all the reasonable inferences in support of the party opposing the motion. If uncertainty arises from a conflict in testimony and if the question is not one of law, but one of fact, it is to be settled by the jury. *See Bateman v. Donovan*, 131 F.2d 759 (9th Cir. 1942);

> Also in *Bateman, supra,*
>
> The test as to whether a directed verdict should be granted is whether or not the evidence to support a directed verdict as requested was so conclusive that the trial court in the exercise of a sound judicial discretion should not sustain the verdict for the opposing party.

5. <u>Conclusion.</u>

The great weight of the evidence supports the jury's verdict. Defendants' complaint is only that the jury did not see things their way. But that is the jury system. There is nothing to imply the jurors were anything other that intelligent, conscientious about their service, and unanimous in their decision.

DATED this 28th day of June 2007 at Anchorage, Alaska.

AGLIETTI, OFFRET & WOOFTER
Attorneys for Plaintiff

_____
Ronald A. Offret, Alaska Bar # 7410096

A copy of the above was served on
John Havelock by the ECF system on
the above date.
_____
Ronald A. Offret

Opposition to Motion for Judgment NOV and New Trial
Morrissette v. A&W Alaska Inc., et al
3:04-cv-0017 RRB
Page 8 of 8

Ronald A. Offret, AK Bar # 7410096
Aglietti, Offret & Woofter
733 W 4th Avenue, Suite 206
Anchorage, AK 99501
Telephone:    (907) 279-8657
Facsimile:    (907) 279-5534

## UNITED STATES DISTRICT COURT DISTRICT OF ALASKA

| | |
|---|---|
| HYON N. MORRISSETTE,          )<br>            Plaintiff,             )<br>                                              )<br>vs.                                        )<br>A&W ALASKA INC.;                )<br>MTN. VIEW SHELL, FOOD MART )<br>And A&W RESTAURANT;         )<br>LISA SUZUKI,                         )<br>TERRY SUZUKI,                     )<br>            Defendants.           )<br>_____) | Case No. 3: 04-cv-0017 (RRB) |

### ORDER DENYING MOTION FOR
### JUDGMENT ON DIRECTED VERDICT,
### JUDGMENT N.O.V.
### AND DENYING MOTION FOR A NEW TRIAL

THIS MATTER having come before this Court upon Defendants' motion and PLAINTIFF MORRISSETTE having filed opposition thereto and good cause appearing:

IT IS HEREBY ORDERED:

DEFENDANTS' motion for Judgment on Directed Verdict; and Judgment NOV is DENIED; and,

IT IS FURTHER ORDERED:

Defendants' motion for a new trial is DENIED.

_____        _____
Date                                              U.S. District Court Judge

A copy of the above was served on
John Havelock by the ECF system on
June 28, 2007.
_Ronald A. Offret_ (signature)
Ronald A. Offret